IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

RECEIVED

2006 SEP 19  A 9: 40

DEBRA L. LOFTIN,

     Plaintiff,

         -v-                    Case No. 3:06-CV-839-WKW

U S LABS–FOUNTAIN VALLEY, INC. and
ESOTERIX, INC.
                                 **DEMAND FOR JURY TRIAL**

     Defendant.

---

## COMPLAINT

---

     1.  The Plaintiff is over the age of nineteen years and is a resident of Tallapoosa County, Alabama.

     2.  Defendant U S Labs–Fountain Valley, Inc., upon information and belief, is a California corporation.

     3.  Defendant Esoterix, Inc., upon information and belief, is a Delaware corporation.

### I. JURISDICTION

     4.  Jurisdiction in this cause is based upon the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) and due to diversity of citizenship.  28 USC 1332.

### II. FACTS

     5.  The Plaintiff incorporates by reference paragraphs 1 through 4 herein.

     6.  Upon information and belief, Defendant U S Labs–Fountain Valley, Inc. (hereinafter referred to as US Labs) is a subsidiary or otherwise owned by Defendant Esoterix, Inc. (hereinafter referred to as Esoterix).

7.  On or about May 23, 2005, the Plaintiff underwent clinical and diagnostic testing performed by her treating physician, Dr. Brad Bauer.

8.  As a result of the testing, the Plantiff's urine sample was submitted to US Labs to perform Flourescence in situ Hybridization (FISH) analysis.

9.  On or about May 25, 2005, Defendant US Labs, in report AGU05-002338, reported the results of the FISH analysis on the Plaintiff as "ABNORMAL PROFILE."

10.  On or about June 7, 2005, Dr. Bauer, as the Plaintiff's treating physician, again subjected the Plaintiff to additional diagnostic testing and two additional samples were submitted to Defendant US Labs.  Sample one was from the right kidney and sample two was from a bladder wash.

11.  On or about June 9, 2005, Defendant US Labs, in reports AGU05-002626 (right kidney) and AGU05-002612 (bladder wash) reported the results of the FISH analysis on the Plaintiff as "ABNORMAL PROFILE.

12.  As a result of the diagnostic testing and results thereof performed by Defendant US Labs, Dr. Bauer informed the Plaintiff the results indicated cancerous and/or malignant cells has been identified by the FISH analysis and that the Plaintiff would be required to undergo additional testing and surgeries.

13.  On or about June 17, 2005, additional diagnostic testing was performed on the Plaintiff and additional FISH analysis samples were provided to an independent laboratory for analysis.  On or about June 22, 2005, the independently performed FISH analyses were negative for cancerous or malignant cells.  Further clinical testing and diagnosis performed by Dr. Bauer ruled out any cancerous disease procesess.

14.  As a result of the erroneously reported positive FISH analysis results, the Plaintiff was caused to undergo invasive treatment, hospitalization, stress, pain and suffering.

### III.  COUNT ONE

15.  The Plaintiff incorporates by reference paragraphs 1 through 14 herein.

16.  Defendant US Labs performed three separate FISH analysis on various samples provided from the Plaintiff.

17.  Defendant US Labs erroneously report three FISH analyses as "ABNORMAL PROFILE" indicating the presence of cancerous and/or malignant cells.

18.  The reports and analyses performed by Defendant US Labs were false and/or incorrect in that further diagnostic testing and clinical results conclusively indicated no presence of any cancerous or malignant disease processes.

19.  Defendant US Labs failed to utilize ordinary care in performing the FISH analyses on the Plaintiff's specimens.

20.  Defendant US Labs failed to adequately hire, train, and/or employ technicians, pathologists, scientist, or other laboratory personnel to ensure the methods and techniques for the FISH analyses were correctly and properly performed.

21.  Defendant US Labs breached the duty of due care owed to the Plaintiff to accurately perform diagnostic FISH analyses.

22.  Defendant US Labs was negligent in the performance of its duty owed to the Plaintiff.

23.  As a proximate and direct result of Defendant US Labs negligence, breach of duty of due care, failure to utilize ordinary care, and failure to adequately train, hire or employ technicians, pathologist or laboratory personnel, the Plantiff has been damaged.

24.  The Plaintiff was caused to undergo extensive invasive clinical treatment, hospitalization, stress, pain, suffering and discomfort.  The Plaintiff has incurred expenses for current and future medical treatment.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages as a jury may find proper under the facts and circumstances of this cause.

Mark Allen Treadwell
Attorney for Plaintiff
ASB-7635-R56M

OLIVER and TREADWELL, LLP
129 West Columbus Street
Dadeville, Alabama 36853
256 825 9296
markallen@olivertreadwell.com

### THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

_____
Of Counsel

Please serve Defendants as follows:

> U S Labs–Fountain Valley, Inc.
> California CSC–Agent for Service
> Post Office Box 526036
> Sacramento, California 95852-6036
>
> Esoterix, Inc.
> CT Corporation Systems–Agent for Service
> 818 W. 7TH ST.
> Los Angeles, California 90017