IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEBRA LOFTIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | 3:06-CV-839-WKW |
| U.S. LABS - FOUNTAIN VALLEY, ) | |
| INC., and ESOTERIX, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

### DEFENDANTS' MOTION TO DISMISS

**COME NOW** Defendants, U.S. Labs Fountain Valley, Inc., ("U.S. Labs") and Esoterix, Inc., ("Esoterix") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and move this Court to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted. More particularly, in support of this Motion, Defendants state as follows:

1. In her Complaint, Plaintiff alleges that she received clinical and diagnostic testing performed by her treating physician, Dr. Brad Bauer (Complaint ¶ 7). In connection with this testing, Plaintiff alleges her urine sample was submitted to U.S. Labs for FISH analysis (Complaint ¶ 8). Plaintiff's Complaint[1] therefore constitutes a medical malpractice action and is controlled by the Alabama Medical Liability Act, Ala. Code. § 6-5-551 (1975). See also Anderson v. Ala. Reference Lab, 778 So.2d 806, 810 (Ala. 2000).

2. The Alabama Medical Liability Act qualifies the generalized pleadings permitted by Rule 8(a), by requiring in medical malpractice actions that the complaint include a detailed

---

[1] Plaintiff further alleges that U.S. Labs erroneously reported a positive FISH analysis which caused her damage (Complaint ¶ 14). Plaintiff alleges that U.S. Labs was negligence in the performance of its duty and breached its standard of care (Complaint ¶¶ 21,22).

1508973

specification and factual description of the act and omission the plaintiff says renders the health care provider liable to the plaintiff.[2]

3. The Alabama Supreme Court has held that this statute requires a plaintiff to give fair notice of the nature of the complaint. See Mikkelsen v. Salama, 619 So. 2d 1382, 1384 (Ala. 1993). "Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." Ala. Code. § 6-5-551 (1975).

4. Therefore, to state a claim for relief under the Alabama Medical Liability Act, Plaintiff had to include in her complaint a statement of the allegedly negligent act, identifying the time and place it occurred and the resulting harm. In her Complaint, Plaintiff has simply alleged that the results of her test were incorrect. Thus, Plaintiff has failed to allege any act or omission that would render U.S. Labs liable to Plaintiff, much less the detailed specification and factual description of each act and omission required by Ala. Code § 6-5-551.

5. These allegations plainly fail to give Defendants "fair notice of the allegedly negligent act," and Plaintiff has therefore failed to satisfy the pleading requirements imposed on medical malpractice plaintiffs under Alabama law. See Betts v. Eli Lilly & Co., 435 F. Supp. 2d 1180 (S.D. Ala. 2006). As such, Plaintiff's Complaint is due to be dismissed for failure to state a claim.

---

[2] The Alabama Medical Liability Act provides:
> In an action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time and place of the act or acts.

> Ala. Code § 6-5-551 (1975).

5.  Furthermore, while Plaintiff has named Esoterix, Inc., as a defendant, Plaintiff's only allegations regarding Esoterix is that it is a Delaware Corporation (Complaint ¶ 3), and that U.S. Labs is a subsidiary or otherwise owned by Esoterix (Complaint ¶ 6). Plaintiff has alleged no act or omission by Esoterix and has not alleged vicarious liability between Esoterix and U.S. Labs. As a result, Plaintiff has failed to state any claim upon which relief may be granted against Esoterix. See Braden v. Piggly Wiggly, 4 F. Supp. 2d 1357, 1365 (M.D. Ala. 1998). Plaintiff's Complaint is due to be dismissed for this additional reason.

WHEREFORE, Defendants request this Court dismiss Plaintiff's Complaint.

s/ Michael L. Lucas
Michael L. Lucas (LUC004)
Margaret E. Gober (GOB003)

Attorneys for Defendants

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

     I hereby certify that on October 16, 2006 I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Allen Treadwell
OLIVER & TREADWELL LLP
129 West Columbus Street
Dadeville, Alabama 36853

                                              s/ Michael L. Lucas
                                              OF COUNSEL