IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEBRA LOFTIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | 3:06-CV-839-WKW |
| U.S. LABS - FOUNTAIN VALLEY, ) | |
| INC., and ESOTERIX, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendants explain in their Motion to Dismiss that Plaintiff's Complaint fails to set forth any act or omission with the particularity and specificity required by Ala. Code § 6-5-551, and is therefore due to be dismissed. Plaintiff's Response to Defendants' Motion to Dismiss merely confirms the basis for Defendants' Motion. Plaintiff has plainly failed to give Defendants "fair notice of the allegedly negligent act," and Plaintiff's Response provides no reason whatsoever why Defendant's Motion should not be granted. Plaintiff's Complaint is therefore due to be dismissed.

**1.     Plaintiff Has Failed to Satisfy the Pleading Requirements Imposed on Medical Malpractice Plaintiffs By Alabama Law.**

Under the Alabama Medical Liability Act, Defendants are entitled to fair notice as to the specific allegations and facts which Plaintiff contends render Defendants liable in this case. See Mikkelsen v. Salama, 619 So. 2d 1382, 1384 (Ala. 1993). Plaintiff contends that Defendant U.S. Labs breached the duty of care owed to the Plaintiff to accurately perform diagnostic FISH analyses. Plaintiff further alleges that Defendant failed to adequately train, hire, and/or employ personnel. However, Plaintiff fails to specifically describe any policy, statute or regulation that the Defendant allegedly violated and also fails to set forth any detailed specification and factual

1518545 v4

description as required by § 6-5-551. See Betts v. Eli Lilly & Co., 435 F. Supp. 2d 1180 (S.D. Ala. 2006). Plaintiff further fails to identify any individual who plaintiff claims breached the standard of care, the professional capacity of such person, whether an RN, LPN, physician or other health care provider, or what acts or omissions constitute the alleged breach of the standard of care. It is incumbent upon Plaintiff to plead specific facts which could render Defendants liable, and "[a]ny complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." Ala. Code. § 6-5-551 (1975). Because Plaintiff has failed to allege any act or omission that would render Defendants liable to Plaintiff, much less the detailed specification and factual description of each act and omission required by Alabama law, Plaintiff's Complaint is due to be dismissed.

**2.    Plaintiff Has Failed to State Any Claim of Relief Against Defendant Esoterix.**

Although Plaintiff, in her Response, states that "the allegations are set forth as to both Defendants," Plaintiff's Complaint does no such thing.[1] Plaintiff's only allegations regarding Esoterix is that it is a Delaware Corporation (Complaint ¶ 3), and that U.S. Labs is a subsidiary or otherwise owned by Esoterix (Complaint ¶ 6).  "'The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" Rios v. City of Del Rio, No. 04-50774, 2006 WL 759795, *2 (5th Cir. Mar. 27, 2006) (quoting 3 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1216 at 156-159)).  "'Dismissal is proper if the complaint lacks an allegation regarding a required element

---

[1] See Plaintiff's Response  at  3. In her Complaint, Plaintiff alleges that "Defendant US Labs failed to adequately hire, train, and/or employ technicians, pathologists, scientis, or other laboratory personnel to ensure the methods and techniques for the FISH analyses were correctly and propoerly performed." (Complaint ¶ 20).

necessary to obtain relief . . . '" Id. (quoting 2A Moore's Federal Practice § 12.07, at 12-91). "Further, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" Id.

 Here, Plaintiff has alleged no act or omission by Esoterix and has not alleged vicarious liability between Esoterix and U.S. Labs; therefore, Plaintiff has therefore failed to state any claim upon which relief may be granted against Esoterix. See Braden v. Piggly Wiggly, 4 F. Supp. 2d 1357, 1365 (M.D. Ala. 1998). Plaintiff's Complaint is due to be dismissed for this additional reason.

            s/ Michael L. Lucas_____
            Michael L. Lucas (LUC004)
            Margaret E. Gober (GOB003)

            Attorneys for Defendants

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1518545 v4

3

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2006 I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Allen Treadwell
OLIVER & TREADWELL LLP
129 West Columbus Street
Dadeville, Alabama 36853

                                                s/ Michael L. Lucas_____
                                                OF COUNSEL