IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA L. LOFTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-839-WKW |
| | ) | (WO) |
| U. S. LABS-FOUNTAIN VALLEY, | ) | |
| INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the defendants' Motion to Dismiss filed on October 16, 2006. (Doc. # 7.) Defendants seek dismissal of Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that it fails to "allege any act or omission that would render [Defendants] liable to the Plaintiff . . . or the detailed specification and factual description of each act and omission required by Ala. Code § 6-5-551." (*Id*. at ¶ 4.) Plaintiff filed a response in opposition to the motion on November 8, 2006 (Doc. # 10), and Defendants filed a reply on November 16, 2006 (Doc. # 11). For the following reasons, the court finds that the motion is due to be DENIED.

### JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction, and the court finds adequate allegations in support of personal jurisdiction.

### STANDARD OF REVIEW

A Rule 12(b)(6) motion, such as the one presently before this court, tests the legal sufficiency

of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996) (A motion to dismiss must be denied "unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." ); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In applying this standard, the court will accept as true all well-pleaded factual allegations in the complaint, and the reasonable inferences to be drawn from those allegations, and views those facts and inferences in a light most favorable to the non-moving party. *See Hishon,* 467 U.S. at 73.

## DISCUSSION

Section 6-5-551 of the Alabama Code provides in relevant part:

> In any action for injury, damages, or wrongful death . . . against a health care provider for breach of the standard of care, . . . [t]he plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . . Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala. Code § 6-5-551 (1975). The Alabama Supreme Court has clarified that

> when a plaintiff files a complaint alleging that a health care provider breached the standard of care owed to the plaintiff, although every element of the cause of action need not be stated with particularity, *the plaintiff must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm*. If the complaint affords the defendant

health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary "detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff."

*Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993) (quoting § 6-5-551) (emphasis added).

In this case, the Complaint alleges that Defendants were negligent in testing and reporting Plaintiff's urine specimen, kidney sample, and bladder wash as positive for cancerous or malignant cells; the Complaint provides the specific dates each test was performed and each specific laboratory test report identification number; and the Complaint alleges that due to the erroneous laboratory results, Plaintiff was caused to undergo invasive treatment, hospitalization, stress, pain and suffering. (Doc. # 1.) Accordingly, the court finds that these allegations satisfy the pleading requirements of Section 6-5-551 by giving Defendants fair notice of the allegedly negligent act, identifying the time and place it occurred, and the resulting harm. *See Mikkelsen*, 619 So. 2d at 1384.[1] Thus, the motion to dismiss is due to be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. # 7) is hereby DENIED.

DONE this 17th day of November, 2006.

/s/   W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, at this stage in the litigation, the court declines to dismiss Defendant Esoterix Inc. from this lawsuit because Plaintiff should be given the opportunity to determine through discovery if there is a sufficient relationship between the defendants to create liability on her claims.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).